
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAX EVERHARDUS DE FRETES, | No. 09-70462 |
| Petitioner, | Agency No. A096-338-575 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2013[**]
San Francisco, California

Before: O'SCANNLAIN and M. SMITH, Circuit Judges, and SINGLETON,
Senior District Judge.[***]

Max Everhardus De Fretes, a native and citizen of Indonesia, petitions for

review of a Board of Immigration Appeals' order dismissing his appeal from an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We review for substantial evidence, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's finding that the attacks on De Fretes's residential community, including the burning and looting of his family's home and other incidents of civil strife, do not rise to the level of past persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009). In addition, substantial evidence supports the agency's finding that De Fretes failed to demonstrate a well-founded fear of future persecution because he can relocate to another part of Indonesia. *See* 8 C.F.R. § 1208.13(b)(3)(i). Accordingly, De Fretes's asylum claim fails.

Because De Fretes failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Gonzalez-Hernandez*, 336 F.3d at 1001 n.5 (citing *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995)).

Finally, substantial evidence supports the agency's denial of CAT relief because De Fretes failed to establish it is more likely than not he would be tortured upon return to Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**